**Thomas E. Higgins**
LAW OFFICES OF THOMAS E. HIGGINS
325 West Franklin Street
Tucson, Arizona 85701
(520) 624-8663
State Bar No: 04324
higginsinvail@aol.com
Attorney for the Defendant

# IN THE UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America**<br>     Plaintiff,<br><br>     vs.<br><br>**Iyan Lester Davis,**<br>     Defendant. | No: 4:18-cr-01945-JAS-JR-1<br><br>**RULE 41(g) MOTION FOR RETURN OF PROPERTY, OR IN THE ALTERNATIVE FOR EQUITABLE RELIEF**<br><br>**Hon. James A Soto** |

     COMES NOW, Defendant, Iyan Lester Davis, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 41(g), and hereby moves this court for an Order requiring the Tucson Police Department (TPD) return to the Defendant's property.

     **RESPECTFULLY SUBMITTED, this 21st day of September 2022.**

                    **LAW OFFICES OF**
                    **THOMAS E. HIGGINS, P.L.L.C**

                    */S/ Thomas E. Higgins*
                    THOMAS E. HIGGINS
                    Attorney for Iyan Lester Davis

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RETURN OF PROPERTY.**

I. **FACTS:**

During the early morning hours of August 30, 2018, the Tucson Police Department ("TPD") executed a search warrant of the home of Megan Borges located at 9412 E. 26th Street, in Tucson, Arizona. Mr. Davis, who was an overnight guest that day, was arrested. Mr. Davis's vehicle was parked in front of the home when TPD executed the warrant. He was charged with felon in possession based on ammunition found in the front seat of his vehicle.

The following items belonging to Mr. Davis were seized by law enforcement during the execution of the search:

1. Item #18; U.S. Currency $1,715.00
2. Item #21; U.S. Currency $7,442.00
3. Item #31; Walgreen's Gift Card Receipt; 6374741892486159 $250.00
4. Item #33; Gold Watch with 14-carat marking
5. Item #34: U.S. Currency $6,000.00.
6. Item #45; Balenciaga Sneakers
7. Item #46; Balenciaga Sneakers
8. Item #47; Balenciaga Sneakers
9. Item #48; Balenciaga Sneakers
10. Item #49; Gucci Print Fanny Pack
11. Item #51; Black Gucci Watch
12. Item #52; Assorted Suspected Gold Jewelry
13. Item #53 Suspected Gold and Diamond Ring
14. Item #56; MCM Wallet
15. Item #58; MCM Puma Shoes
16. Item #59; Yeezy Boost Sneakers (Yellow)
17. Item #60; Yeezy Boost Sneakers (White)
18. Item #62; Louis Vuitton Damier Belt
19. Item #63; Misc. Jewelry – two (2) rings, Bracelet, Necklace

Mr. Davis was not the subject of the search warrant. The warrant was issued on August 24, 2018, for the arrest of Megan Borges for conspiracy to commit a violent crime in aid of racketeering: murder and violent crime in aid of racketeering: murder in violation of 18 U.S.C. §§ 1959(a)(3), and 1959(a)(6); accessory after the fact in violation of 18 U.S.C. § 3; and, conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. Iyan Davis happened to be staying at Ms. Borges' home that evening. He was also arrested and charged in a seven-count indictment. The Items belonging to Mr. Davis were not covered by the warrant and were therefore seized illegally. Officers reported that they observed a box of Winchester 9mm Luger ammunition, "in plain view," inside the Hummer registered to Davis. The other items belonging to Mr. Davis were seized from inside the home.

Ultimately, TPD turned the case over to the federal government and Mr. Davis pled guilty to a felon in possession charge and served a twenty-four (24) month sentence in the Bureau of Prisons, followed by a three-year term of supervised release.

## II.  LAW/ARGUMENT:

A motion for return of property pursuant to Rule 41(g) is a powerful tool that individuals may utilize to test a seizure itself and the continued retention of the property. Fed.R.Crim.P. 41(g). "We have long held that Rule 41(g) is an appropriate means of obtaining the return of property improperly seized by the government." *Ramsden v. U.S.,* 2 F.3d 322 (9th Cir.1993). In this case, the government has not instituted forfeiture proceedings on the property it seized from Mr. Davis on August 30, 2018. Yet, it has deprived Mr. Davis of his property for over four (4) years.

### A.  THE GOVERNMENT HAS NOT INSTITUTED FORFEITURE PROCEEDINGS AND HAS NO LAWFUL REASON FOR CONTINUED DEPRIVATION OF OWNERSHIP.

Here, Mr. Davis has already served his sentence. His crime of being a prohibited possessor, in possession of ammunition, is unrelated to the seizure of funds seized. Mr. Davis is the lawful owner of the seized currency. The government has no evidentiary reason to keep the money. Nor has the government shown that it is subject to forfeiture. "The

person from whom the property is seized is presumed to have a right to its return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Martinson*, 809 F. 2d at 1369; citing *Wright,* 610 F.2d at 939-40; *Ferris v. United States,* 511 F.Supp. 795, 796 (D.Nev.1981); *see U.S. v. Palmer,* 565 F.2d 1063, 1065 (9th Cir.1977); *see also Mr. Lucky Messenger Service,* 587 F.2d at 17 (where the government has held the property for 18 months without filing criminal charges, equity mandates return of property unless the government can justify its actions). The District Court must hold an evidentiary hearing on any disputed issue of fact necessary to the resolution of the Rule 41(g) motion.

### B.  MR. DAVIS IS ENTITLED TO THE RETURN OF HIS PROPERTY AND THE GOVERNMENT NO LONGER HAS A NEED FOR IT.

Iyan Davis contends he is entitled to the immediate return of his property, including the currency seized by the government. Under 18 U.S.C. S 983(a)(3)(A). Section 983(a)(3)(A) provides:

> "Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties."
>
> (B) If the Government does not--
>
>   (i)  file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
>
>   (ii) before the time for filing a complaint has expired-
>
>     (I)  obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>
>     (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
> The Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and they may not take further action to effect the civil forfeiture of such property in connection with the underlying offense. (Emphasis added.)

There is no dispute that the Government has not filed a forfeiture action or sought to extend the 90-day period in which it can do so. "The burden on the government to adhere to procedural rules should be heavier than on claimants." *US v. $191,910.00 in US Currency,* 16 F. 3d 1051, 1069 (9th Cir. 1994) quoting *U.S. v. $38,000.00 in United States Currency,* 816 F.2d 1538, 1547 (11th Cir.1987). Therefore, the government is required to promptly release the property. Here, the currency was in the custody of the Federal government pending a determination of whether it was subject to seizure. After the 90-day period, Mr. Davis became entitled to the return of his property.

Federal Rule of Criminal Procedure 41(g) provides as follows:

> "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property."

Once criminal proceedings have been terminated, a Rule 41(g) motion for the return of property is considered an independent civil action for equitable relief, and the burden is on the government to "demonstrate that it has a legitimate reason to retain the property." *United States v. Chambers,* 192 F.3d 374, 377 (3d Cir. 1999).

To prevail on a Rule 41(g) motion, the burden is on the "criminal defendant [to] demonstrate that (1) he is entitled to lawful possession of the seized property; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended." *U.S. v. Van Cauwenberghe,* 827 F.2d 424, 433 (9th Cir. 1987); (citing *Sovereign News Co. v. U.S.,* 690 F.2d 569, 577 (6th Cir.1982), *cert. denied,* 464 U.S. 814 (1983).[1] Plaintiff meets these requirements and therefore has a right to the return of the property pursuant to Rule 41(g).

---

[1] See also *U.S. v. Hubbard,* 650 F.2d 293, 303 (D.C. Cir.1980); Fed. R. Crim. P. advisory committee note; 3 C. Wright, *Federal Practice and Procedure* § 673, at 761-65 (2d ed. 1982)). *See also U.S. v. Van Cauwenberghe,* 934 F.2d 1048, 1061 (9th Cir. 1991) ("[a] defendant's Rule 41(e) motion for return of property, however, may be denied if the defendant is not entitled to lawful

A motion for return of property may be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues. *US v. Van Cauwenberghe*, 934 F. 2d 1048, 1061 (9th Cir. 1991); citing *Van Cauwenberghe,* 827 F.2d at 433 (citing *Sovereign News Co. v. U.S.,* 690 F.2d 569, 577 (6th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *U.S. v. Hubbard,* 650 F.2d 293, 303 (D.C.Cir.1980).

Mr. Davis is entitled to lawful possession. When the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or, as here, the government has abandoned its investigation, the burden of proof changes. *U.S. v. Martinson*, 809 F. 2d 1364, 1370 (9th Circuit 1987). "If movant proves seizure, lack of return, and lapse of time, government must then go forward with an attempt to justify its conduct)." *Id*. at fn. 4, citing *Mr. Lucky Messenger Service, Inc. v. U.S.,* 587 F.2d 15, 18 (7th Cir.1978). "The key point is that because the government no longer has an evidentiary need for the guns, [the movant] no longer bears the burden of demonstrating that he is entitled to lawful possession." *Id.*

Initially, the movant bears the burden of proving both that the seizure of his property was illegal and that he is entitled to lawful possession of the property. However, the burden of proof shifts when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or . . . the government has abandoned its investigation." *Martinson*, 809 F.2d at 1369. See also *U.S. v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). The burden of proof shifts and the defendant "is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property." *Martinson,* 809 F.2d at 1369 (citations omitted).; *see also U.S. v. Kriesel,* 720 F.3d 1137, 1144 (9th Cir. 2013)

possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.)

(explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).

The government can rebut the presumption that property ought to be returned by proving a "legitimate reason" for retaining the property that is "reasonable under all of the circumstances." *Kriesel,* 720 F.3d at 1145; *see also U.S. v. Kaczynski,* 416 F.3d 971, 974 (9th Cir. 2005) ("[T]he government has the burden of showing that it has a legitimate reason to retain the property." (quotation marks omitted)); *Ramsden v. U.S.,* 2 F.3d 322, 326 (9th Cir. 1993) (explaining that "reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property." (internal quotation marks and citation omitted)).[2] The simplest way for the government to carry its burden is to prove "the property . . . is contraband or subject to forfeiture." *Martinson,* 809 F.2d at 1369; *see also U.S. v. Fitzen,* 80 F.3d 387, 389 (9th Cir. 1996) ("It is well-settled that the federal government may defeat a Rule [41(g)] motion by demonstrating that the property is subject to federal forfeiture."). The government can carry its burden by submitting evidence that demonstrates the property is contraband or the property falls within the court's forfeiture order. *See, e.g., Harrell,* 530 F.3d at 1056-57. The government may also justify retaining the property; if it can show a "legitimate reason" for doing so. *See, e.g., Kriesel,* 720 F.3d at 1145-47 (holding that the government's retention of the defendant's blood sample was "reasonable under the circumstances" because the government needed the sample to ensure the accuracy of future DNA identifications).

In cases, such as this one, where the government no longer needs the seized property, the legality of the search and seizure is no longer an issue; even if the seizure was lawful the

---

[2] The Advisory Committee's Note to Rule 41, to which we give "weight in interpreting the Federal Rules of Criminal Procedure," *U.S. v. Bainbridge,* 746 F.3d 943, 947 (9th Cir. 2014), confirms the "reasonableness" standard applies to the return of computer files on electronic storage devices, *see* Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment ("Rule 41(g) . . . provides a process for the `person aggrieved' to seek an order from the court for a return of the property, including storage media or electronically stored information, under reasonable circumstances.").

government must justify its continued possession of the property by demonstrating that it is contraband or subject to forfeiture. *Martinson*, 809 F. 2d at 1369; citing *U.S. v. Frank,* 763 F.2d 551, 552-3 (3d Cir.1985); *Sovereign News Co. v. U.S.,* 690 F.2d 569, 577 (6th Cir. 1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983); *U.S. v. Smith,* 659 F.2d 97, 99 (8th Cir.1981); *U.S. v. Farrell,* 606 F.2d 1341, 1347 (D.C.Cir.1979); *U.S. v. Premises Known as 608 Taylor Ave.,* 584 F.2d 1297, 1302 (3d Cir.1978).

As in this case, once criminal proceedings have been terminated, a Rule 41(g) motion for the return of property is considered an independent civil action for equitable relief, and the burden is on the government to "demonstrate that it has a legitimate reason to retain the property."3 *United States v. Chambers,* 192 F.3d 374, 377 (3d Cir. 1999). In contrast, if a defendant moves for the return of property while a criminal prosecution against him or her is still pending, "the burden is on the movant to show that he or she is entitled to the property." *Id*. As explained, Mr. Davis already served his time for the possession of ammunition. The criminal proceedings against him have long been over.

A district court has the jurisdiction and the duty to return the contested property "once the government's need for it has ended." *Martinson*, 809 F. 2d at 1370; quoting *Cf. U.S. v. Wilson,* 540 F.2d 1100, 1103-04 (D.C.Cir.1976) (the existence of civil remedies does not eliminate the court's duty and jurisdiction to return property after the government's need for it ends). The fact that the property, in this case, was seized by TPD and the case was ultimately turned over to the federal government has no bearing on Mr. Davis's claim for return of property. See *U.S. v. Francis,* 646 F.2d 251, 262-63 (6th Cir. 1981) (a motion for return of money not mooted by the government's giving it to the State of Michigan; the question of whether it did so lawfully remain); *U.S. v. Wright,* 610 F.2d 930, 938 (D.C.Cir.1979) (irrelevant that money which was subject of motion not in possession of government); *Wilson,* 540 F.2d at 1104 (same).

Courts applying Rule 41(g) generally recognize that "property" includes money allegedly seized by the government. A petitioner seeking the return of money or other items that the Government has apparently lost may perhaps have alternative avenues by which to seek

redress, possibly including the Federal Tort Claims Act ("FTCA"). See, e.g., *U.S. v. Hernandez,* No. 95-0296-001, 2006 WL 618429, at *3 (M.D. Pa. Mar. 9, 2006). ("A federal prisoner claiming that prison personnel negligently lost his property states a cause of action under the Federal Tort Claims Act . . . ." (citing 28 U.S.C. § 1346(b) (permitting litigation against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment").

### C. MR. DAVIS IS ENTITLED TO EQUITABLE RELIEF FOR THE PROPERTY THE GOVERNMENT SEIZED.

In the alternative, Mr. Davis moves this Court to treat his claim as a civil action for equitable relief. A complaint for the return of property sounds in equity, not law, even when the property is currency or its equivalent. Mr. Davis does not seek damages but the equitable relief of getting his property back. See, e.g., *Foehl v. U.S.,* 238 F.3d 474, 477 & n.4 (3d. Cir. 2001). The equitable principles embodied in Rule 41(g) entitle Plaintiff to the return of his property. The district court may exercise its equitable jurisdiction to order the requested relief under 28 U.S.C. § 1331 and § 702 of the *Administrative Procedures Act*; or, if the Court finds each of these avenues for relief unavailing, to order injunctive relief under the *All Writs Act,* 28 U.S.C. §1651.

Mr. Davis's statutory right to challenge a forfeiture by seeking judicial review is grounded in due process. "' The fundamental requisite of due process of law is the opportunity to be heard.' This right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.**"** *Mullane v. Central Hanover Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652 (1950); quoting *Grannis* v. *Ordean,* 234 U. S. 385, 394 (1914). The Supreme Court has ruled that the courts may always review administrative forfeitures for a lack of due process. See *Dusenbery v. United States*, 524 U.S. 161, 167 (2002); *Wright v. Beck,* 981 F. 3d 719, 727 (9th Cir. 2020).

### 1. This Court Should Exercise Its Equitable Jurisdiction to Order the Government to Return the Seized Currency.

There are no pending criminal proceedings against Mr. Davis. Where, as here, "no criminal proceedings against the movant are pending or have transpired, a motion for the return of property is treated as [a] civil equitable proceeding, even if styled as being pursuant to Fed. R. Crim. P. 41[(g)]." *Id.* at 158 (first and second alterations in original) (internal quotation marks and citation omitted); *see also U.S. v. Comprehensive Drug Testing*, 621 F.3d 1162, 1172 (9th Cir. 2010) (en banc) (per curiam); Under such circumstances, "[a] Rule 41(g) motion is an equitable remedy." *De Almeida v. U.S.*, 459 F.3d 377, 382 (2d Cir. 2006). The Court may award such equitable relief "when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *Id.* In the absence of a congressional restriction, the scope of equitable remedial discretion is to be determined according to the distinctive historical traditions of equity as an institution. *Holmberg v. Armbrecht,* 327 U. S. 392, 395-396 (1946).

Here, Mr. Davis has had no opportunity to challenge the legality of the government's continued seizure of his property. *See De Almeida,* 459 F.3d at 382*.* This court's equitable jurisdiction is therefore Mr. Davis's only recourse for relief from the continuing invasion of property rights. Moreover, the equities favor the exercise of this court's jurisdiction. Mr. Davis has a significant interest in return of his property. *See Comprehensive Drug Testing*, 621 F.3d at 1173–74 (holding that petitioner for Rule 41(g) relief was "plainly aggrieved" by the government's continued possession of its members' drug testing records, particularly because of "the risk to players associated with disclosure" of the records). In determining whether to exercise equitable jurisdiction for Rule 41(g) relief, the court should consider

> "(1) whether the government agents seized the property in callous disregard for the constitutional rights of the petitioner; (2) whether the petitioner has an individual interest in and need for the material he seeks to have returned; (3) whether the petitioner would be irreparably injured by denial of the return of the property; and (4) whether the petitioner has an adequate remedy at law." *Mesa Valderrama v. U.S.,* 417 F. 3d 1189, 1199 (11th Cir, 2005) (quotation omitted).

The court is not required to reach each of these issues here, because Rule 41(g) itself makes clear that relief may be awarded to "[a] person aggrieved . . . by the deprivation of

property," as Mr. Davis indisputably is here, even where that property was lawfully seized. Fed. R. Crim. P. 41(g) (emphasis added); *see also* Fed. R. Crim. P. 41 (notes of advisory committee on rules – 1989 amendments) (stating that what is now Rule 41(g) was specifically amended to provide that "a person whose property has been lawfully seized may seek return of property when aggrieved by the government's continued possession of it"). As the Tenth Circuit held in *Floyd v. U.S.*, "It would be anomalous to impose as a jurisdictional hurdle a requirement more restrictive than the substantive harm specifically sought to be remedied by Rule 41[(g)]." 860 F.2d 999, 1003 (10th Cir. 1988) (refusing to consider the "callous disregard of constitutional" factor, because the then-current version of Rule 41(g) required only a showing of illegality). Even if the Court concludes that the antiquated "callous disregard" factor weighs against Plaintiff in the balance of equities, however, that factor alone does not overcome the other factors supporting the exercise of equitable jurisdiction

As the 9th Circuit explained in *U.S. v. Martinson*, "It is the historic purpose of equity to secure complete justice. The courts will be alert to adjust their remedies so as to grant the necessary relief." 809 F. 2d 1364, 1368 (9th Cir. 1987).[3] Where a court of equity assumes jurisdiction because the complaint requires equitable relief, the court has the power to award damages incident to the complaint. *Schaefer v. Gunzburg,* 246 F.2d 11. *See also Albermarle Paper Co. v. Moody,* 422 U.S. 405, 418, 95 S.Ct. 2362, 2372 (1975).

### III. **CONCLUSION:**

For the reasons set forth above, Mr. Davis respectfully requests his motion for return of property be granted and the court enter its Order returning the above-listed property within 30 days.

---

[3] Citing *EEOC v. General Telephone Co.,* 599 F.2d 322, 334 (9th Cir.1979), *aff'd* 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980); *see also Schaefer v. Gunzburg,* 246 F.2d 11, 16 n. 2 (9th Cir. 1957)

RESPECTFULLY SUBMITTED, this 21st day of September 2022.

**LAW OFFICES OF
THOMAS E. HIGGINS, P.L.L.C**

*/S/ Thomas E. Higgins*
THOMAS E. HIGGINS
Attorney for Iyan Lester Davis

The above signed does hereby certify that on the above date he electronically transmitted this document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Adam Rossi
Assistant U.S. Attorney
U.S. Courthouse
405 W. Congress Street, Suite 4800
Adam.Rossi2@usdoj.gov
Attorneys for Plaintiff